UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-187 |
| | ) | |
| ROBERT VON LOEWENFELDT, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Ex-police officer Eric Henderson brought this since-removed 42 U.S.C. §§ 1981 & 1983 action in state court against Robert von Loewenfeldt[1] and the City of Savannah. Doc. 1-1; *see also* doc. 25 at 5. Von Loewenfeldt, also sued for defamation and interfering with Henderson's employment contract, doc. 1-1 at 6-7, moves to dismiss and stay discovery. Doc. 18. His dismissal motion is before the district judge, while his stay motion will be addressed here. Doc. 18 at 1. The City, meanwhile, has since been dismissed by stipulation. Docs. 34 & 35.

---

[1] This name appears in various forms throughout this case, *see, e.g.*, doc. 18 at 16 ("Robert vonLowenfeldt"), but the Court is using "Robert von Loewenfeldt," since it appears on page one of his dismissal-motion brief. Doc. 18 at 1. The local newspaper, for that matter, spells it "vonLoewenfeldt." *See* http://dining.savannahnow.com/news/2014-01-03/cops-allege-department-misconduct-ignored (site last visited January 29, 2015).

Finally, even though no such stay has been entered by any court, *Henderson* moves "to lift the automatic stay of discovery pursuant to O.C.G.A. § 9-11-11.1(d) in the instant case," doc. 23 at 1, and also "extend discovery until February 27, 2015." *Id.* at 2; *see also* doc. 13 (discovery ended January 15, 2015). That motion also will be reached here, along with his motion for leave to amend his complaint. Doc. 22 at 3, 7-8.[2]

# I. BACKGROUND

Henderson is black. He alleges that von Loewenfeldt, while one of his white supervisors on Savannah's police force, colluded with the then (black) police chief to perpetuate a "racially balanced" promotion system.

---

[2] Henderson is represented by experienced counsel who, mystifyingly, has repeatedly violated Fed. R. Civ. P. 7(b)(1)'s command that "[a] request for a court order must be made by *motion*." *Id.* (emphasis added). Requests to stay, amend, etc., necessitate a court order to grant same. One seeks such relief in a *separate motion*, not within a brief. Yet, plaintiff has done just that within one of his briefs. *See* doc. 22 at 2-3, 7-8 (moving to amend his Complaint).

The Clerk thus understandably failed to detect and thus docket that motion, which would have appeared on the Court's pending motions list -- to enable prompt disposition. Counsel has needlessly gummed up Court operations, and she is cautioned to comply with Rule 7(b)(1) when seeking future requests for judicial relief. Note that, while litigants must move the Court in a *motion*, a motion and brief can be filed as one document per Local Rule 7.1(b) ("A motion and supporting memorandum (brief) may be filed as one document."). Hence, the Court does *not* welcome waste-inducing "announcement motions" accompanied by separate briefs.

They thus deployed nefarious tactics to selectively guide promotion in quest of their racial balancing efforts. *Id.* at 1-4. E.g.: "Solely because of [Henderson's] race, black, the Defendant City of Savannah and [white supervisors Kovak and Von Loewenfeldt] determined that [Henderson] was providing information to suspected [criminal] perpetrators." *Id.* at ¶ 13.

Von Loewenfeldt also "made decisions that discriminated against [Henderson] because he was black; and because the suspected perpetrators of the crimes Plaintiff was charged with investigating, were black." *Id.* ¶ 12. He also "made [a] false statement during his employment with [the City] and after his employment with the City terminated, and continues making false accusations against [Henderson] that was the proximate and direct cause of Plaintiff's loss of income." *Id.* at 5 ¶ 16. Specifically, von Loewenfeldt submitted an *ante litem* notice[3]

---

[3] An *ante litem* notice is required by Georgia law before a city can be sued for money damages. O.C.G.A. § 36–33–5(a) ("No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section."); *City of Atlanta v. Bennett*, 322 Ga. App. 726, 732-33 (2013). Von Loewenfeldt's *ante litem* notice asserts

3

to the City, as a predicate for his own lawsuit against it, doc. 18 at 3, and in it he accused Henderson "of crimes, which were not true, and . . . published the accusation in violation of O.C.G.A. § 51-5-9[4] as set forth in the attached *ante litem* notice [5] published by Defendant Von Loewenfeldt's attorney." Doc. 1-1 at 5 ¶ 17 (footnotes added); *see also* doc. 22 at 2 ("The false statements made in the *ante litem* notice after Von Loewenfeldt's employment were not privileged and amounted to defamation, slander, slander *per se* and tortuous interference with Plaintiff's employment.").[6]

---

that, as a Savannah police officer, he blew the whistle on wrongdoing, including by Henderson, then suffered retaliation by higher-ups and thus, the City. Doc. 18 at 3, 16-18. The Court is not informed of any follow-up lawsuit by von Loewenfeldt.

[4] "In every case of privileged communications, if the privilege is used merely as a cloak for venting private malice and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action." O.C.G.A. § 51-5-9. Substantively, "[i]n all actions for printed or spoken defamation, malice is inferred from the character of the charge." O.C.G.A. § 51-5-5.

[5] Henderson apparently believes he filed a copy of this notice, but it is not in this Court's record. Doc. 1-2 is simply a lawsuit transmittal memo. However, Von Loewenfeldt has supplied a copy. Doc. 18 at 16-18.

[6] One who petitions his government, or operates on his government's behalf, is privileged (against defamation liability) to publicly air otherwise slanderous or defamatory accusations -- *if* no actual or private malice undergirds same. *See, e.g., Rabun v. McCoy*, 273 Ga. App. 311, 316-17 (2005) (city manager's alleged defamatory

4

Henderson thus alleges that Von Lowenfeldt defamed him and interfered with his employment contract. Doc. 1-1 at 5-7. He was not served until October 13, 2014. Doc. 17 at 1. Again, the City has since been dismissed. Doc. 35.

Contained within one of plaintiff's briefs, evidently to clarify that he sues von Loewenfeldt in his individual (not official, hence against the City) capacity, is this: "Plaintiff seeks leave to amend the complaint to plead that he seeks a liability determination against von Loewenfeldt's personal assets and for his actions as an employee of the Defendant City." Doc. 22 at 2. Plaintiff also wants to amend to allege actual malice, *id.* at 2-3, 7-8 -- evidently to overcome defendant's insistence that he is immune from defamation liability absent allegation and proof of actual malice, doc. 18 at 9-11. And, as noted above, plaintiff seeks to lift the "SLAPP statute" stay, doc. 23 at 1, and also "extend discovery until

---

statements regarding city building official's alleged false statements in connection with his job at grievance hearing were privileged and thus could not support city building official's claims against manager for defamation, intentional infliction of emotional distress, and false light/invasion of privacy, absent any evidence that manager acted with malice or ill will when he made accusation against official that resulted in disciplinary proceedings).

February 27, 2015." *Id.* at 2.

## II. ANALYSIS

SLAPP means "Strategic Lawsuits Against Public Participation." *Emory Univ. v. Metro Atlanta Task Force for the Homeless, Inc.*, 320 Ga. App. 442, 442 (2013). SLAPPs are typically filed against the "little guy" who complains to the government about a "big guy," like a land developer or mining company who "slaps" him with a defamation lawsuit just to shut him up. *See generally* 2 GA. PROC. CONSIDERATIONS IN INITIATING SUIT § 6:30 (Dec. 2014). Georgia's General Assembly thus passed an anti-SLAPP statute, O.C.G.A. § 9-11-11, "to encourage citizens to participate in matters of public significance by exercising their constitutional rights to free speech and to petition the government for redress of grievances, and to prevent the chilling of those rights through abuse of the judicial process." *Emory Univ.*, 320 Ga. App. at 444.

Thus, "the statute requires the timely filing of a written verification when the [big guy's] complaint asserts a claim against a person or entity arising from an act by that person or entity which could reasonably be

construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern." *Emory Univ.*, 320 Ga. App. at 444 (quotes and cite omitted); *Browns Mill Development Co., Inc. v. Denton*, 247 Ga. App. 232, 234 (2000) (upholding dismissal of defamation action for failing to comply with O.C.G.A. § 9-11-11.1's verification requirements). And the SLAPP target can invoke the anti-SLAPP statute's stay component merely by moving to dismiss the SLAPP complaint.[7]

---

[7] Under O.C.G.A. § 9-11-11.1(d), "[o]nce a motion to dismiss or a motion to strike has been made in an action subject to the anti-SLAPP statute, all discovery and any pending hearings or motions in the action must be stayed. Such motion must be heard by the court not more than 30 days after the service of the application unless other emergency matters before the court require a later hearing." 2 GA. PROC. CONSIDERATIONS IN INITIATING SUIT § 6:30. Compare that "automatic-stay" feature with normal federal court practice, where one may move to dismiss a case but must *request* and receive a discovery stay.

The Eleventh Circuit has held that the Anti-SLAPP statute's verification requirement, § 9-11-11.1(b), is preempted by federal law since it is a procedural, as opposed to substantive, law. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1361 (11th Cir. 2014) (§ 9-11-11.1(b)'s verification requirement is preempted by the Federal Rules and thus does not apply to defamation suits brought in federal court); *see also id.* at 1359 ("The federal rule explicitly provides that a pleading need not be verified or accompanied by an affidavit and allows parties discretion in deciding whether to verify pleadings."). Because the § 9-11-11.1(d) "stay" option also is a state procedural law, it likewise is inapplicable here. Hence, it was not necessary for

7

Here, Henderson sued von Loewenfeldt for, *inter alia*, defamation after von Loewenfeldt (by sending to the City the *ante litem* notice in question) exercised *his* right to sue the City for alleged wrongs committed against him. But the Removal filings (docs. 1 & 2) reveal no successful (in state court) invocation by von Loewenfeldt of O.C.G.A. § 9-11-11.1(d), so there is no anti-SLAPP stay to be lifted, thus mooting Henderson's lift-stay motion. Doc. 23 at 1. In fact, it is apparent that Henderson simply did not want to bear the expense of discovery ahead of the district judge's dismissal-motion ruling; he thus has bogusly maintained that a § 9-11-11.1(d) stay has been in effect. He *could* have moved to stay discovery, or joined with von Loewenfeldt to stay discovery, but did not.[8] Instead, he has wasted this Court's time.

---

Henderson to move this Court to "lift" that stay because it never took effect -- the dismissal motion was filed in *this* Court, doc. 18, not the state court. *See* doc. 2.

[8] It does not matter that von Loewenfeldt *now* moves (doc. 18 at 1, 12) for a § 9-11-11.1 discovery stay (this also should have been made in the title of his motion/brief to enable docketing, *see supra* n. 2), because that statutory subsection is preempted by federal law. *See* n. 7 *supra*.

III. CONCLUSION

Plaintiff Henderson's lift-stay motion is **DENIED** as moot. Doc. 23 at 1. His motion to extend discovery (doc. 23 at 2) is **DENIED** without prejudice to his right to renew it after the district judge rules on von Loewenfeldt's dismissal motion.[9] Next, plaintiff's motion for leave to amend his complaint, doc. 22 at 3, 7-8, is **DEFERRED** in that it is inextricably intertwined with the analysis the district judge will apply in ruling on the dismissal motion (the district judge could reasonably conclude, for example, that plaintiff has pled enough to stay in Court, or that the proposed amendments are unnecessary because Henderson has

---

[9] Courts in this circuit have stayed discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." *White v. Georgia,* 2007 WL 3170105 at *2 (N.D. Ga. Oct. 25, 2007); *see also Feldman v. Flood,* 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

This case basically turns on whether Henderson can show that von Loewenfeldt in bad faith misused his job and the *ante litem* statute in order to vent private malice against him. Under the (Georgia law) standards illuminated in *Harris v. Pierce County, Ga.,* 2014 WL 3974668 at * 17 (S.D. Ga. Aug. 14, 2014), Henderson must plead and ultimately show that the *ante litem* statement was merely a cloak for venting private malice and not bona fide in promotion of the object for which the privilege is granted -- von Loewenfeld's interest in vindicating his whistleblowing-based right against retaliation. Arguably Henderson has pled enough to show pretexual falsity in the *ante litem* notice -- a prerequisite for showing the malice needed to meet O.C.G.A. § 51-5-9's threshold. *See* doc. 1-1 at 5. Again, that matter is before the district judge.

essentially pled those matters already). Finally, defendant von Loewenfeldt's motion to stay discovery (doc. 18 at 12) is **DENIED** as moot (discovery has expired and the Court just refused to extend it, subject to further motion should defendant's dismissal motion be denied).

**SO ORDERED** this  29th  day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA